PETER HILL *vs.* LYDIA LEHTINEN ALIAS LYDIA LEHTONEN.

JOHN A. HENDRICKSON

*vs.*

LYDIA LEHTINEN ALIAS LYDIA LEHTONEN.

MIKKO LOFMAN *vs.* LYDIA LEHTINEN ALIAS LYDIA LEHTONEN.

Knox.     Opinion, March 30, 1932.

*Gilford B. Butler,*
*Charles T. Smalley,* for plaintiffs.
*Z. M. Dwinal,* for defendant.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, FARRING-
TON, THAXTER, JJ.

BARNES, J.   Three real estate owners claim damages under Sec-
tion 17 of Chapter 35, R. S.

The cases were tried together. Verdict was for defendant and review here is on motions for new trial. The parties are blueberry growers, each plaintiff occupying land adjoining or near that of defendant, where, on April 19, 1931, by her servant or agent, the latter at about nine o'clock in the forenoon began the burning of her blueberry land.

This operation is necessary at intervals of two or three years. It must be done in the spring, before new verdure renders good burning impossible. What is known as a clean burn, no spots or patches being left unburned in the bearing area, is necessary in order to insure as fully as may be a profitable crop.

To secure a clean burn the ground must be fairly dry ; a sufficient drift of air or breeze should be moving in one direction ; and often, as on defendant's land in these cases, combustible material, as straw or hay, is lightly spread on the more barren spots of the land to be burned.

A crew to ignite and control the fires, and to prevent their spread to other lands is necessary, and in the cases at bar the crew was made up of defendant's servants and plaintiff Hendrickson, with other neighbors.

A few acres, not to exceed perhaps thirty in all, were to be burned, and, as the wind held at the time, the fires must be started on defendant's land.

Our statute, a statement of the common law, requires that one who for a lawful purpose kindles a fire on his own land, "shall do so at a suitable time and in a careful and prudent manner."

Plaintiffs claim that the time chosen for kindling the fires was not suitable, in that the wind was dangerously high, or that the crew employed to set and guard the fires was inefficient.

The burning was effected in about an hour, and at about the time it was reported checked, a barn in defendant's hayfield, up wind from each of these plaintiffs' properties where damage was later suffered, was observed to be ablaze.

Burning embers from this barn, carried by the wind, caused the conflagrations and losses complained of.

When defendant's barn burned, the wind was stronger than when

the blueberry fires were kindled, and was blowing from a slightly different quarter.

The rule of law is that an owner, about to burn blueberry land must, at his peril, select an hour that to the reasonably prudent man would seem suitable, i.e., not dangerous to nearby properties; and must exercise reasonable care in controlling the flames so that they may not do damage to others.

The testimony shows that nine men were at work during the burning; that supply of water was distant not more than 200 feet, as needed; that about half the men had water sprinklers, pails were abundant and kept filled with water.

Testimony of different witnesses varies as to the presence of wind at the setting, one witness declaring there was then no wind, the smoke going "straight up" when the fire was kindled.

It is urged that some backfire escaped unheeded by any member of the crew and was communicated along the ground to defendant's barn, but there was no record of traces of its passage through the stubble of the hayfield to the barn.

On the prime question of fact, the choice of day and hour for the burning, the jury must have found the defendant not remiss.

Their decision that the number of guards and their diligence met the requirements of the statute was wholly on the facts found by them.

Nothing in the record gives occasion for rejecting the verdicts.

*Motions overruled.*